IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBEW LOCAL 595 TRUST FUNDS, et al., | No. C-10-5568 EDL |
| Plaintiffs, | **REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| ACS CONTROLS CORPORATION, | |
| Defendant. | |

On December 8, 2010, Plaintiffs filed a complaint under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, alleging that Defendant violated a collective bargaining agreement and certain Trust Agreements. The complaint sought an order requiring, among other things, that Defendant pay delinquent employee fringe benefit contribution amounts for the months of April through August 2010, as well as liquidated damages, interest, reasonable attorneys' fees, and costs.

On January 11, 2011, Defendant was served with the complaint. See Docket No. 4. Defendant failed to answer the complaint or otherwise defend the action. On February 18, 2011, upon Plaintiffs' request, the Clerk of this court entered Defendant's default under Federal Rule of Civil Procedure 55(a). See Docket No. 8. By its default, Defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(b)(6). In this Motion for Default Judgment, Plaintiffs seek judgment in the amount of the delinquent employee benefit contributions, liquidated damages, interest, attorney's fees and costs.

On March 7, 2011, Plaintiffs filed a Motion for Default Judgment. Defendant did not file an

opposition to Plaintiffs' Motion. The Court held a hearing on Plaintiffs' Motion on April 19, 2011. Plaintiffs appeared at the hearing through counsel Phil Thomas. Plaintiffs have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). Defendant did not appear for the hearing, and has not consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court recommends granting Plaintiffs' motion for default judgment in the amount of $15,786.50. This matter will be reassigned to a district court judge.

**DISCUSSION**

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1). Defendant is not a unrepresented minor or incompetent person, or a person in military service, or otherwise exempted from default judgment. See Declaration of Phil A. Thomas (Thomas Decl.) ¶ 2.

In an action to enforce payment of delinquent contributions, "the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs . . . ." 29 U.S.C. § 1132(g)(2). An award under section 1132(g)(2) is appropriate based on the amount of contributions that were delinquent at the time of suit, even if the defendant tendered the unpaid contributions prior to judgment. See Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 258 (9th Cir. 1996) (quoting Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co., Inc., 767 F.2d 1170, 1175 (5th Cir. 1985)) ("[M]andatory fees are available under § 1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves.'"); Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989) ("[W]hen (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages," section 1132(g)(2) is triggered and a liquidated damage award is mandatory.); see also Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1507 (2nd Cir. 1995) ("the amount of an award of interest or liquidated damages

2

should logically be predicated upon the amount of the unpaid contributions originally at issue, whether or not outstanding at the time of judgment, since that amount correctly measures the damage caused by the delinquency."); Board of Trustees of the Sheet Metal Workers v. General Facilities, Inc., 2003 WL 1790837, * 2 (N.D. Cal. March 31, 2003) (citing Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988)) ("Section 1132 provides for liquidated damages as a percentage of 'unpaid contributions' and courts have interpreted 'unpaid contributions' to mean contributions owing and unpaid at the time the lawsuit is filed.").

Plaintiffs have the burden of proving its entitlement to relief through testimony or written affidavit. To that end, Plaintiffs submitted the declarations of: Bonnie Maraia, who is employed by BeneSys Administrators as the Plan Manager for the Plaintiff Trust Funds, Victor Uno, the Business Manager and Financial Secretary of IBEW Local 595, and Phil Thomas, Plaintiffs' counsel. The evidence establishes that Defendant was bound by the terms and conditions of the Alameda County Inside Construction Agreement ("Collective Bargaining Agreement") for the period from June 1, 2007 through May 31, 2010, which was extended by three years until May 31, 2013. Declaration of Victor Uno (Uno Decl.) ¶¶ 2-3, 6; Ex. A, C. The agreement to be bound by the Collective Bargaining Agreement is memorialized in a letter called a Letter of Assent, which Mitchell Slavensky signed on behalf of Defendant on or about July 1, 2005. Uno Decl. ¶ 3; Ex. B. The Collective Bargaining Agreement incorporates the Trust Agreements governing each of the Plaintiff Trust Funds. Uno Decl. ¶ 4. The Collective Bargaining Agreement requires Defendant to make contributions to Plaintiffs based on the hours worked by Union-represented employees during a particular month. Declaration of Bonnie Maraia (Maraia Decl.) ¶ 2; Uno Decl. Ex. A. The Agreements provide for liquidated damages and interest on delinquent employee benefit contribution amounts. See Maraia Decl. ¶ 5; Ex. 2.

Defendant failed to submit benefit contributions in the amount of $8,691.37 for hours worked from April to August 2010. See Maraia Decl. ¶¶ 6-7. Plaintiffs seek liquidated damages on those delinquent employee benefit contributions in the amount of $850.19 for that period. See Maraia Decl. ¶ 7. Liquidated damages are charged at 10% of the delinquent contributions. See Maraia Decl. ¶ 5; Ex. 2. Plaintiffs also seek interest on the contributions in the amount of $720.24.

See Maraia Decl. ¶ 7. Interest is calculated at the rate of 12% simple interest per annum on the outstanding delinquency. See Maraia Decl. ¶ 5; Ex. 2.

Attorney's fees and costs of action may be awarded to a Trust Fund or Employee Benefit Plan that receives a judgment in its favor. See 29 U.S.C. § 1132(g)(2)(D). Plaintiffs have submitted the declaration of attorney Phil Thomas to prove attorney's fees and costs. Mr. Thomas calculates that in prosecuting this action, Plaintiffs have incurred a total of $5,050.00 in attorneys' and paralegal's fees from October 18, 2010 through the hearing date for this Motion. See Thomas Decl. ¶ 3(c). Specifically, Mr. Thomas states that his firm spent 19.9 hours of attorney time at $250.00 per hour, and 0.50 hours of paralegal time at $150.00 per hour prosecuting this case. Id. Costs incurred in connection with this matter include the filing fee of $350.00, a messenger's fee of $61.18 for filing and return, and a process server's fee of $63.52. Id. ¶ 3(b). The total amount of fees and costs requested is $5,524.70. The amount of time expended, the billing rates and the costs are reasonable given the work performed.

**CONCLUSION**

For the reasons set forth above, and for good cause shown, it is hereby recommended that default judgment be entered in the amount of $15,786.50, which is comprised of: $8,691.37 in delinquent contributions, $850.19 in liquidated damages, $720.24 in interest; $5,050.00 in attorney's fees and $474.70 in costs.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: April _20__, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

4